THE STATE, on the Relation of KINNISON, *v.* LOCKWOOD and Another.

Debt on the official bond of a justice of the peace, brought by the state on the relation of *A.* against the justice and his surety. The complaint was, that the justice having issued an execution on a judgment against the relator, on which execution the constable to whom it was directed had collected the money and paid it over to the justice,—afterwards issued another execution directed to another constable on the same judgment, under which latter execution the relator's property had been sold. *Held*, that both the constables were competent witnesses for the plaintiff.

Parol evidence of the contents of a paper in the possession of the adverse party is not admissible, unless legal notice have been given him to produce the paper on the trial.

May Term,
1839.

THE STATE
v.
LOCKWOOD.
Tuesday,
May 28.

ERROR to the *Warren* Circuit Court.

DEWEY, J.—This was an action of debt against a justice of the peace and his surety on his official bond, commenced originally before a justice of the peace, and taken by appeal to the Circuit Court. The cause of action states that certain persons had obtained judgments against *Kinnison*, the relator, before justice *Lockwood*, one of the defendants; that executions had issued upon them and been placed in the hands of one *Swope*, a constable, for collection; that *Swope* collected the money due by the executions, and paid it over to justice *Lockwood*; that, afterwards, *Lockwood* issued other executions upon the same judgments, and placed them in the hands of one *Lewis*, a constable, who levied them upon a horse belonging to *Kinnison*, which he sold under the last-named executions. The record shows that the defendants pleaded before the justice, but it does not show what the defence was.

There was a jury trial in the Circuit Court; verdict and judgment for the defendants.

On the trial the plaintiff offered *Swope*, the constable, as a witness; the defendants objected to his competency, contending that the statement in the cause of action proved him to be interested, and his testimony was rejected. The Circuit Court erred in this decision. If *Swope* had collected the money on the first executions and had not paid it over, he was liable to the plaintiffs in the executions, but not to *Kinnison* or *Lockwood*. That liability could not be affected by the result of this suit; it remains the same whether *Kinnison* recovers of *Lockwood* and his surety or not. It is evident that *Swope* could have no interested motive to fix a liability upon these defendants.

The plaintiff also offered *Lewis*, the constable, as a witness, but his testimony was objected to by the defendants and excluded. This was also error. He had no interest which could be subserved by the defeat of the defendants.

The plaintiff having proved the service of a subpœna *duces tecum* upon *Lockwood*, and having read the same to the Court as containing notice to produce his docket and certain execu-

VOL. V.—19

May Term,
1839.

tions, offered to give parol evidence of their contents. The defendants objected and the testimony was rejected. Admitting that a subpœna *duces tecum* may operate as such a notice to produce papers as will authorise secondary evidence of their contents, and admitting also that a justice's docket, and executions on file in his office, are documents which may be removed—points on which we give no opinion,—the record does not sufficiently show the contents of the subpœna *duces tecum* in question, to enable us to say whether it contained a legal notice to produce the papers or not. It must be presumed, therefore, that the rejection of the parol testimony of the contents of these papers was correct.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*R. A. Chandler* and *D. Mace*, for the plaintiff.
*T. J. Evans*, for the defendants.